

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERITAGE INTEGRITY INVESTMENT TRUST

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

COMPUTERSHARE TRUST COMPANY, N.A. ET AL

BROADRIDGE FINANCIAL SOLUTIONS, INC

RUWACK  IRREVOCABLE TRUST  AND ISAAC CAIN

TRANSFER ONLINE

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

1:24   Civ. 09309   (JPC ) (BCM)

**ANSWER**

# I
## ADMISSIONS AND DENIALS

*In this section, state which factual allegations in the complaint you admit to and which factual allegations you deny. You should refer to the complaint paragraph by paragraph (and sentence by sentence within each paragraph), in the same order as the paragraphs and sentences appear in the complaint. Attach additional sheets of papers as necessary.*

**ADMISSIONS AND DENIALS**

1. The defendant lacks sufficient knowledge or information to determine the truth of the allegations in this paragraph of the complaint, where anything mysteriously disappeared.

2. The defendant lacks sufficient knowledge or information to determine the truth of the allegations complaint whether HIIT can deposit anything with Computershare.

3. The defendant lacks sufficient knowledge or information to determine the truth of the allegations in this paragraph of the complaint concerning Plaintiff account closing.

4. The defendant lacks sufficient knowledge or information to determine the truth of the allegations of this complaint, concerning Boardridge.

5. The defendant lacks sufficient knowledge or information to determine the truth of the allegations in this complaint, whether Plaintiff lost value of $95,950,000 nor whom is responsible.

6. The defendant lacks sufficient knowledge or information to determine the truth of the statement.

7. The defendant lacks sufficient knowledge or information to determine the truth of this statement, concerning origin or domicile of Computershare Trust Company, N.A.

8. The defendant lacks sufficient knowledge or information to determine the truth of this statement, concerning origin or domicile of Broadbridge Financial Solutions.

9. The defendant lacks sufficient knowledge or information to determine the truth of the allegations in this paragraph of the complaint.

10. The defendant lacks sufficient knowledge or information to determine the truth of the allegations in this paragraph of the complaint.

11. The defendant admits in 2020 Computershare acted escrow agent for the purchase Ruwack Zero Coupon notes. Defendant cannot confirm a custodial account for HIIT.

12. The defendant admits online account confirming registration Ruwack notes to HIIT for $1 million notes. Defendant has no knowledge of a date of January 2021, nor a custodial account, the account #, nor the stated value. Defendant lacks sufficient knowledge of  Plaintiff having a custody account arrangement with any institution

13 . Defendant denies Plaintiff making deposits into a custodial account. The defendant does not know anything about making a deposit into custodial account.  Defendant lacks sufficient knowledge of Plaintiff having a custody account arrangement with any institution.

14.  Defendant admits the portfolio amount of Ruwack notes of 101 Million to Plaintiff.

15.  The defendant lacks sufficient knowledge or information to determine the truth of the allegations in this paragraph of the complaint concerning what Computershare said. Defendant denies allegations that this could be a shock concerning the movement of the entire portfolio assuming that the portfolio consist of Ruwack securities. Plaintiff doesn't have the authority to tell a transfer agent what to do with its shareholders securities account. Only the Issuer can determine where to move shareholders securities that's held by a transfer agent. Defendant as the issuer, made the Plaintiff fully aware of movement of issuers account to another agent well in advance. Plaintiff had full knowledge of why the shareholders movement of the shares was authorized.

16. The defendant does not know whether the information in this line item of the compliant is true or false.

17.  The defendant does not know whether the information in this line item of the compliant is true or false.

18.   The defendant does not know whether the information in this line item of the compliant is true or false. Plaintiff is using the term "custody" and defendant cannot determine the understanding of the use. Also Plaintiff was made fully aware that securities would be going to Broadridge (assuming Ruwack Securities).

19. The defendant does not know whether the information in this line item of the compliant is true or false. At this point defendant has not contacted Ruwack Trust, however Defendant made calls to Eli Briggs and Derrick Hodges concerning the payment of the securities.

20. The defendant does not know whether the information in this line item of the compliant is true or false.  Defendant is aware the Plaintiff at this point is acting in ignorance concerning him having full disclosure of the movement of the assumed Ruwack Securities.

21. The defendant does not know whether the information in this line item of the compliant is true or false.

22. The defendant does not know whether the information in this line item of the compliant is true or false.

23. The defendant does not know whether the information in this line item of the compliant is true or false, concerning what happened to Heritage notes.

24. The defendant does not know whether the information in this line item of the compliant is true or false, whether defendant was negligent, nor whether plaintiff suffered great loss.

25.  The defendant does not know whether the information concerning allegations in this line item of the compliant is true or false.

26. The defendant does not know whether the plaintiff has a custody account with Computershare, defendant doesn't know if the information in this line item of the compliant is true or false.

27.  The defendant does not know whether Computershare provided safekeeping services for HIIT, therefore the defendant doesn't know if line item of the compliant is true or false.

28.  The defendant does not know whether Computershare is a provider of fiduciary services for HIIT, therefore the defendant doesn't know if line item of the compliant is true or false.

29. The defendant does not know whether Computershare has breached its duties ,  therefore the defendant doesn't know if line item of the compliant is true or false.

30. The defendant does not know whether Broadridge has a contract for custodial safekeeping services for HIIT,  therefore the defendant doesn't know if line item of the compliant is true or false.

31. The defendant denies that Broadridge contributed to the loss of Plaintiff notes assuming (Ruwack notes.)

32. The defendant denies that Plaintiff has been damaged from any of the defendants.

## II

## DEFENSES

**FIRST DEFENSE:**

This court lacks jurisdiction over this action. Purchase Agreement Page 6, item 7 " All disputes and questions whatsoever…shall be settled by arbitration in accordance with the arbitration laws of the ICC.

The Plaintiff lacks standing. Plaintiff does not have a contract with Computershare Trust Company N.A, Broadridge Solutions , nor Transfer Online Inc, Plaintiff needs to show proof of contract with named parties.

**SECOND DEFENSE:**

The court lacks venue over defendant. Defendant has a Purchase Agreement with Plaintiff to pay Promissory Note in 10 days, and Promissory note being payable in 30 days. The principal place of business is in Greensboro North Carolina. Plaintiff has not proved he followed the Purchase Agreement.

The defendant cannot transact business in New York, because defendant is in Greensboro North Carolina and don't have any offices in the state of New York, defendant does not know the laws in the state of New York.

**THIRD DEFENSE:**

## FACTS

On or about May 25th 2023 the Plaintiff's associate Derrick Hodges a member of HIIT, called the Ruwack Trust office to request to purchase 100M of Ruwack Zero Coupon Notes( EXHIBIT A). Isaac Cain of Ruwack Trust informed Derrick that it could not  help because Ruwack Trust is getting ready to change transfer agents, then move its Issuers registrar services from Computershare Trust Company, N.A. (CPU) to Broadridge as the new transfer agent(Exhibit B).

Offer  made for payment by a promissory note to pay $.85% payable in 10 days after delivery of the securities( See EXHIBIT C .). I sent over a corporate invoice for $100 Million payable in 10 days after delivery, to include the $10 Million already issued previously plus the $90Million to be newly registered this represents the total of $100Million.  This was followed by a Purchase Agreement (PA) and Promissory Note sent by me. The PA confirmed note is due and payable after confirmation of delivery of the notes into Shareholders Investment Account for buyers  (See EXHIBIT D; Purchase Agreement page 1 under Payment and page 2, 1.1- 1.6). The PA was signed. The securities were posted and confirmed registered to HIIT and transferred to HIIT shareholders account on May 25,2023 (See EXHIBIT E). As of August 2023 no wire transfer of payment via MT 103 was made for the Ruwack securities. By this time the contract agreement with Ruwack Trust and CPU as the transfer agent and registrar had expired, therefore the securities files were sent to Ruwack Trust and registrar account closed, shares are now reversed that were registered to HIIT back to the  Ruwack Trust treasury and reserves. account because of

non-payment. (See "Exhibit F").  HIIT was fully aware of this disclosure well in advance before August 28, 2023.

**WHEREFORE,** defendant respectfully asks this Court to dismiss this complaint and enter judgment in favor of defendant. And accept the counterclaim against plaintiff for loss and damages of time, slander and negative posting of its name(s).

**III**

**COUNTERCLAIMS**

1. Plaintiff Eli Briggs claims he gave Ruwack Trust $7,000,000 in another bogus claim.
2. Plaintiff claims Defendants lost the Ruwack Trust notes of 100M, knowing that Plaintiff did not pay for those notes and claims a value of $95,950,000 after Defendant in good faith delivered the securities of the PA, therefore Defendant request payment of $85,000,000.
3. Plaintiff slandered the name of Isaac Cain and  Ruwack Trust the cost of misrepresentation and personal lost $50,000,000.
4. Because of the negative press, this could prevent Ruwack Trust from paying back its bond obligations according to the terms,
5. As a result of the false claims, defendant should get the payment of $7,000,000; plus the payment of $85,000,000 and defendant should get personal lost and suffering damages of $50,000,000.

# EXHIBIT A

 Outlook

---

### Re: LOI/PA HIIT/RUWACK 100M

---

**From** isaac ruwacktrust.com <isaac@ruwacktrust.com>
**Date** Thu 5/25/2023 1:38 PM
**To** Trust Admin <admin@investmenttrustltd.com>

Hello Isaac,

I need the LOI this is a PA.  The terms are 100M for $0.85 payable in 10 days from delivery.

Isaac - Dba Isaac Cain Board Chairman

MAILING ADDRESS
4615 Gate City Blvd #7224
Greensboro, NC 27417
336 890 8001 x 100
isaac@exemptinc.com
www.ruwacktrust.com

Ruwack Trust does not sell securities to the public market. We are not broker dealers or advisors and do not offer to sell any securities to the public. Ruwack Trust is a private corporation and can only sell to Qualified Buyers utilizing various exemptions from the Securities and Exchange Commission.

The foregoing message (including all attachments) may contain CONFIDENTIAL and/or PRIVILEGED INFORMATION and is for the use of the intended recipient(s) only. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. It may contain CONFIDENTIAL and/or PRIVILEGED INFORMATION and may also be protected by other PRIVILEGE. If you are not the intended recipient of this message, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited and subject to CRIMINAL and/or CIVIL SANCTIONS. Please reply to the sender that you have received this message in error, then permanently delete it and destroy all of its contents immediately. www.ruwacktrust.com

---

From: Trust Admin <admin@investmenttrustltd.com>
Sent: Thursday, May 25, 2023 1:24 PM
To: isaac ruwacktrust.com
Cc: Trust Admin
Subject: LOI/PA HIIT/RUWACK 100M

Please find POA/LOI attached.

Regards,

Eli


HERITAGE INTEGRITY INVESTMENT TRUST

295 Madison Ave, 12th Fl

New York, New York 10017

Office: 845-213-4100


"Never Underestimate the Power of Initiative and Integrity through Personal Example"

DISCLAIMER: Sender is NOT a United States Securities Dealer or Broker or U.S. Investment adviser. Sender is a qualified institutional buyer/qualified investor business investment trust and makes no warranties or representations as to the Buyer, Seller or Transaction. All due diligence is the responsibility of the Buyer and Seller. This E-mail letter and the attached related documents are never to be considered a solicitation for any purpose in any form or content. Upon receipt of these documents, the Recipient hereby acknowledges this Disclaimer. If acknowledgment is not accepted, Recipient must return any and all documents in their original receipted condition to Sender. This electronic communication is covered by the Electronic Communications Privacy Act of 1986, Codified at 18 U.S.C 1367,2510-2521, 2701-2710, 3121-3126. Also see: http://www.ftc.gov/privacy/glbact/glbsub1. <http://www.ftc.gov/privacy/glbact/glbsub1.htm>

# EXHIBIT B



February 28, 2023

**Computershare**
6200 S. Quebec Street
Greenwood Village CO 80111
www.computershare.com

Isaac Cain
Ruwack Irrevocable Trust
Office address:
301 S. Elm Street, Suite 824-826
Greensboro, NC 27417

Mailing address:
4615 Gate City Blvd. #7224
Greensboro, NC 27412

Notice

Dear Isaac:

Pursuant to the terms of that certain Transfer Agency and Service Agreement dated May 28, 2020 between Ruwack Irrevocable Trust and Computershare Trust Company, N.A. and Computershare Inc. (collectively "Computershare") as transfer agent (the "Agreement"), and in particular, but not by way of limitation, Section 9.1 thereof, Computershare hereby delivers it's notice that it declines to renew the Agreement and will terminate transfer agency services on May 26, 2023.

In connection with the aforementioned termination of transfer agency services, Computershare will notify Depository Trust Company ("DTC") in accordance with SEC Rule 17-Ad-16.

Unless advised otherwise, Computershare will deliver all Company's information and records to the following address:

> Ruwack Irrevocable Trust
> 4615 Gate City Blvd #7224
> Greensboro, NC 27412

As of the market close on May 26, 2023, shareholders will be referred to the address above or to telephone number 1-336-890-8001, or to any other such number as Company shall advise in writing.

Computershare reserves any rights it has at law or in equity to recover any fees, expenses or other charges which are due and payable at the time of termination which remain unpaid thereafter.

Sincerely,

*Jennifer Lippoldt*

**Jennifer Lippoldt**
Computershare
Assistant Vice President > Relationship Manager

# EXHIBIT C

(UNCITRAL BILL OF EXCHANGE)

## 051416
### MAY 25, 2023

**30 DAYS PAY THIS BILL OF EXCHANGE TO THE ORDER OF**:
\*\*\* \*\*\*\*\*\*\*\*\***RUWACK IRREVOCABLE TRUST**\*\*\* *Exchange For*\*\*
**$80,000,000.00**

\*\*\*\*\*\*\*\*\*\*\*\* **EIGHTY MILLION**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*         **DOLLARS**

**FOR**: 100,000,000 Series 2016 10-Year, Zero Coupon, Rule 144A, Notes

**TO BUYER:**

**HERITAGE INTEGRITY INVESTMENT TRUST**

295 Madison Ave, 12 Floor

New York, NY 10017

**FOR SELLER:**

**RUWACK IRREVOCALBE TRUST**

4615 Gate City Blvd,
Greensboro NC, 27407

--------------------------------------------------------------------------------------------------------------

ACCEPTANCE:_____

# EXHIBIT D

**HERITAGE INTEGRITY INVESTMENT TRUST**
**295 Madison Ave, 12 Floor**
**New York, NY 10017**
**Tel: 917-634-6142**
**Email: admin@investmenttrustltd.com**

**PROVIDER'S CODE:** CUSIP78348DAA6 SERIES2016 ZERO COUPON-00007050-05252023-RIT- $100M@80
**BUYER''S CODE:** 2023HIITO1-100M@80

---

# PURCHASE AGREEMENT
## READY WILLING AND ABLE (RWA)

To:   **RUWACK IRREVOCABLE TRUST**
      4615 Gate City Blvd, 7224
      Greensboro, NC 27417
      Attention: Mr Isaac Douglas Cain
      Issuer/Trustee/President


I, Isaac Briggs, Jr.,DIRECTOR, MANAGING TRUSTEE, as authorized signatory for HERITAGE INTEGRITY INVESTMENT TRUST, ("BUYER"), hereby issue this Letter of Intent-LOI/RWA to Purchase Bank Instrument, with full corporate responsibility and liability, under penalty of perjury, that we are ready, willing and able to deliver funds on account after the securities are credited under full service custody via dtc participating broker(IBKR) as per processing protocols and compliance that will be of good, clean, cleared and unencumbered U.S. Dollars of non-criminal origin. We are prepared to purchase the following instruments under the terms and conditions described below:


**DESCRIPTION OF INSTRUMENTS:**

Series 2016 10-Year, Zero Coupon, Rule 144A, Notes

ISIN# US78348DAA63

CUSIP#78348DAA63

INVOICE PRICE: 80% OF ESTABLISHED MARKET VALUE

Delivery MODE: VIA SELLER CUSTODY

TRANSFER FROM TRANSFER AGENT

ACCOUNT VIA  FREE DELIVERY

PAYMENT: T10 VIA MT103 WIRE TRANSFER AFTER THE BANK INSTUMENT IS PROCESSED BY BUYER BROKER (DTC PARTICIPANT) AND FULL SERVICE CREDITED PER COMPLIANCE PROTOCOLS


TOTAL AMOUNT: $100,000,000.00 (One Hundred Million United States Dollars) face value shares


Party A's initials:                  Page 1 of 9                  Party B's initials:

**UNAUTHORIZED CONTACTS TO PROVIDER'S BANK ARE NOT ALLOWED**

1.1 Buyer submits PO and custody account details.

1.2 Seller incorporates full custody account details of Transfer Agent and countersigns the PO, simultaneously issuing a full Corporate Invoice, which automatically becomes commercial recourse. Copy to be sent directly from a Seller Corporate email and cc Buyer..

1.3 Buyer issues Evidence of transfer confirmations for securities from its Transfer Agent and broker via Secured Email. Securities is **FREE DELIVERY PER INVOICE.**

1.4 Seller shall immediately contact Buyer confirming ISIN US78348DAA63 with CUSIP# 78348DAA63 is fully registered in the name of the Securities Depository and will be delivered via DTC Book Entry Only electronic delivery system.

1.5 Seller releases instrument via custody transfer to Buyers coordinates below.

1.6 Buyer and Seller to execute promissory note and corporate invoice within 2 banking days of custody transfer of shares.

## 2.0 UNAUTHORIZED BANK COMMUNICATION:

Neither Party is allowed to contact the Bank of the other Party without the authorization of the Party whose bank is to be contacted. Any unauthorized calls by any party or its representative agents / brokers / lawyers to probes or communication in an improper way or ways indicative of direct or indirect solicitation to bank(s) in this transaction shall be prohibited and result to contract terminated.

Notice: This is a private sale between two entities and is not to be construed as an offer of funds nor a sale of securities as defined in the Securities Act of 1933/34.

## 3.0 REPRESENTATIONS AND WARRANTIES

### 3.1 <u>Representations and Warranties of the Issuer Parties</u>. The Issuer represents and warrants to, and agrees with, the Purchaser, as follows:

3.1.A <u>Due Authorization and Enforceability</u>. The Issuer has the full right, power and authority to execute, deliver and perform this Agreement, as well as the other Transaction Documents to which it is a party, and to undertake all of the transactions contemplated hereby and thereby and has taken all necessary action

**UNAUTHORIZED CONTACTS TO PROVIDER'S BANK ARE NOT ALLOWED**

**HERITAGE INTEGRITY INVESTMENT TRUST**
**295 Madison Ave, 12 Floor**
**New York, NY 10017**
**Tel: 917-634-6142**
**Email: admin@investmenttrustltd.com**

**PROVIDER'S CODE:** CUSIP78348DAA6 SERIES2016 ZERO COUPON-00007050-05252023-RIT- $100M@80
**BUYER''S CODE:** 2023HIITO1-100M@80

to authorize the execution, delivery and performance by it of this Agreement, as well as the other Transaction Documents to which it is a party.

3.1.B   <u>No Consent</u>. No consent, license, approval, authorization or order of, or filing or registration with, any court or governmental agency is required for the issuance and sale of the Notes or the execution, delivery and performance by it of its obligations under this Agreement and the other Transaction Documents to which it is a party, except such consents, approvals, authorizations, filings, registrations or qualifications as have been obtained and complied with and which shall be in full effect on the Closing Date, or as may be required under the Securities Act or state securities or blue sky laws, in connection with the sale and delivery of the Notes, in the manner contemplated herein and except those which the failure to obtain individually or in the aggregate, would not have a material adverse effect on it or the transactions contemplated by, or its ability to perform its obligations under, this Agreement and the other Transaction Documents to which it is a party.

3.1.C   <u>No Conflict</u>. The execution, delivery and performance of this Agreement, as well as the other Transaction Documents to which it is a party, do not as of the Closing Date and will not violate any law applicable to it, any provision of its constitutional documents, any order or judgment of any court or other agency of government applicable to it or any of its assets or any contractual restriction binding on or affecting it or any of its assets.

3.1.D   <u>No Registration</u>. Assuming the accuracy of the representations and warranties of the Purchaser set forth in this document hereof and its compliance with its agreements set forth therein, it is not necessary in connection with the offer, sale and delivery of the Notes in the manner contemplated by this Agreement and the Final Offering Circular to register the Notes under the Securities Act of 1933, as amended, or the rules and regulations of the U.S. Securities and Exchange Commission.

3.1.E   <u>Rule 144A Eligibility for Resale</u>. The sale of the Notes pursuant to this Agreement satisfy the requirements set forth in Rule 144A(d)(3) under the Securities Act and are eligible for resale pursuant to Rule 144A. Each of the Time of Sale Package and the Final Offering Circular, as of the date which it is dated, contains or will contain all the information that, if requested by a prospective purchaser of the Notes, would be required to be provided to such prospective purchaser pursuant to Rule 144A(d)(4) under the Securities Act.

3.1.F   <u>Transaction Documents</u>. Each of the representations and warranties of Issuer as set forth in each of the other Transaction Documents is true and correct in all material respects as of the Closing Date (except for representations or warranties which relate to a specific date, which shall be true and correct as of such date).

**Party A's initials:**                    **Page 3 of 9**                    **Party B's initials:**

**UNAUTHORIZED CONTACTS TO PROVIDER'S BANK ARE NOT ALLOWED**

### 3.2 <u>Representations and Warranties of Purchaser</u>

3.2.A  The Purchaser represents and warrants to, and agrees with, the Issuer, as of the Closing Date.

3.2.B  <u>Due authorization</u>. It is duly authorized and possesses the requisite corporate or company power to enter into this Agreement.

6.1.A  <u>QIB/QP/Accredited Investor</u>. It is a "qualified institutional buyer" as defined under the Securities Act. It is a "qualified purchaser" as defined in the Investment Company Act of 1940. It is an "accredited investor" specifically Rule 506 promulgated under Regulation D, and under certain other laws, including the securities law of certain states.

3.2.D  <u>Transfer or Resale</u>. It understands that (i) the Notes are being offered only in a transaction not involving any registered public offering in the United States within the meaning of the Securities Act and has not and will not be registered or qualified under any applicable "blue sky" laws; (ii) the Notes have not been and will not be registered under the Securities Act; and (iii) if in the future it decides to offer, resell, pledge or otherwise transfer the Notes, the Notes may be offered, resold, pledged or otherwise transferred only in accordance with the provisions of the Offering Document and the legend on the Notes. It acknowledges that no representation has been made as to the availability of any exemption under the Securities Act or any state securities laws for resale of the  Notes.

3.2.E  It will offer the Notes only (i) to persons that it reasonably believes are qualified institutional buyers that are qualified purchasers in transactions meeting the requirements of Rule 144A, or (ii) to persons it reasonably believes are qualified purchasers in offshore transactions in accordance with Regulation S. The Purchaser further agrees that (i) it will deliver to each purchaser of the Notes, at or prior to the Time of Sale, a copy of the Time of Sale Package, as then amended or supplemented, and (ii) prior to any sale of the Notes to a qualified Regulation S investor or a qualified institutional buyer, it will receive from such Purchaser a written certification in substantially the applicable form attached to the Agreement.

3.2.F  <u>No action</u>. There is no action, suit or proceeding pending against or, to the knowledge of the Purchaser, threatened against or affecting, the Purchaser before any court or arbitrator or any government body, agency, or official which could reasonably be expected to materially adversely affect the ability of the Purchaser to perform its obligations under this Agreement.

3.2.G  <u>No Fiduciary</u>. It acknowledges that in connection with its purchase of the Notes: (i) the Purchaser is not acting in a fiduciary capacity (except to the extent specifically set forth in the Agreement); (ii) it is not relying on any written or oral advice, counsel or representations of the Issuer or any of its Affiliates; (iii) it has received and reviewed such information as it deems necessary in order to make  its

**UNAUTHORIZED CONTACTS TO PROVIDER'S BANK ARE NOT ALLOWED**

**HERITAGE INTEGRITY INVESTMENT TRUST**
**295 Madison Ave, 12 Floor**
**New York, NY 10017**
**Tel: 917-634-6142**
**Email: admin@investmenttrustltd.com**

**PROVIDER'S CODE:** CUSIP78348DAA6 SERIES2016 ZERO COUPON-00007050-05252023-RIT- $100M@80
**BUYER"S CODE:** 2023HIITO1-100M@80

---

investment decision and it is not relying on any information that differs from the information included in the Final Offering Circular and this Agreement; (iv) it has read and understands the Final Offering Circular (including, without limitation, the descriptions therein of the structure of the transaction in which the Notes are being issued and the risks of purchasers thereof); (v) it has consulted with its own legal, regulatory, tax, business, investment, financial, and accounting advisers to the extent it has deemed necessary, and has made its own investment decisions based upon its own judgment and upon any advice from such advisers as it has deemed necessary and not upon any view expressed by the Issuer or any of its Affiliates; and (vi) it is a sophisticated investor and is purchasing the with a full understanding of all of the terms, conditions and risks thereof, and it is capable of assuming and willing to assume those risks.

"The Securities covered hereby have not been registered under the U.S. Securities Act of 1933, as amended (the **"Securities Act"**), and may not be offered and sold within the United States or to, or for the account or benefit of, U.S. persons (i) as part of their distribution at any time or (ii) otherwise until 40 days after the later of the commencement of the offering of the Securities and the date of original issuance of the Securities, except in either case in accordance with Regulation S or Rule 144A under the Securities Act or another exemption from the registration requirements of the Securities Act; and in connection with any subsequent sale by you of the Securities covered hereby in reliance on Regulation S under the Securities Act during the period referred to above to any distributor, dealer or person receiving a selling concession, fee or other remuneration, you must deliver a notice to the foregoing effect. Terms used above have the meanings assigned to them in Regulation S under the Securities Act."

5   **NON-SOLICITATION**
The BUYER (HERITAGE INTEGRITY INVESTMENT TRUST) hereby confirms and declares that the SELLER, his/her associates or representatives or any person or persons on its behalf has/have never ever solicited the BUYER, his/her shareholders or associates or representatives in any way whatsoever that can be construed as a solicitation for this transaction or for future transactions.

6   **FORCE MAJEURE**

Any delay in or failure of performance by either party of their respective obligations under this agreement shall not constitute a breach hereunder or give rise to any claims for damages if, and to the extent that such delays or failures in performance are caused by events or circumstance beyond the control of such party. The term "Beyond the Control of Such Party" Include Lawful order of Government or Authority, Act of War, Rebellion or Sabotage, Fire, Flood, Earthquake or

**UNAUTHORIZED CONTACTS TO PROVIDER'S BANK ARE NOT ALLOWED**

**HERITAGE INTEGRITY INVESTMENT TRUST**
**295 Madison Ave, 12 Floor**
**New York, NY 10017**
**Tel: 917-634-6142**
**Email: admin@investmenttrustltd.com**

**PROVIDER'S CODE:** CUSIP78348DAA6 SERIES2016 ZERO COUPON-00007050-05252023-RIT- $100M870
**BUYER''S CODE:** 2023HIITO1-100M@80

other natural disasters. Any other cause not within the control of such party or which is by exercise of reasonable diligence, the party will be unable to foresee or prevent or remedy.

**7    ARBITRATION**
All disputes and questions whatsoever which arises between the parties to this agreement and touching on this agreement on the construction or application thereof or any account cost, liability to be made hereunder or as to any act or way relating to this agreement shall be settled by the arbitration in accordance with the arbitration laws of the ICC.

This agreement contains the entire agreement and understanding concerning the subject matter hereof and supersedes and replaces all prior negotiations and proposed agreements, written or oral.

Neither of the parties may alter, amend, nor modify this agreement, except by an instrument in writing signed by both parties. This agreement will be governed by and construed in accordance with the laws of United States. In the event that either party shall be required to bring any legal actions against the other it enforce any of the terms of this agreement the prevailing party shall be entitled to recover reasonably attorney fees and costs.

**8    SELLER'S TRANSACTION BANK/DESK INFORMATION**

Transfer Agent: Computershare Trust Company, N.A.
Transfer Agent Address: Operations Center, 8742 Lucent Blvd Suite 225 Highland, Ranch Co. 80129
Transfer Agent Telephone: +1-800-937-5449
Company Name: Ruwack Irrevocable Trust Series 2016 144a Notes

**UNAUTHORIZED CONTACTS TO PROVIDER'S BANK ARE NOT ALLOWED**

**HERITAGE INTEGRITY INVESTMENT TRUST**
**295 Madison Ave, 12 Floor**
**New York, NY 10017**
**Tel: 917-634-6142**
**Email: admin@investmenttrustltd.com**

**PROVIDER'S CODE:** CUSIP78348DAA6 SERIES2016 ZERO COUPON-00007050-05252023-RIT- $100M@80
**BUYER''S CODE:** 2023HIITO1-100M@80

---

**9   BUYER'S TRANSACTION BANK/DESK INFORMATION**

| AccountType name | CUSTODY ACCOUNT |
|---|---|
| Agent address | Operations Center, 8742 Lucent Blvd Suite 225 Highland, Ranch Co. 80129 |
| Account number | C0000001023 |
| Account name | HERITAGE INTEGRITY INVESTMENT TRUST |
| Tax Identificaiton no. | 83-6224869 |
| Customer Service officer | POSITION TRANSFER DEPARTMENT |
| Email Address | ADMIN@INVESTMENTTRUSTLTD.COM |
| Bank telephone | 917-634-6142 |
| DTC | N/A |

**BUYER RESERVES THE RIGHT TO CHANGE THE TRANSACTION BANK/DESK, RECEIVING BANK OR PAYING BANK AS PER OUR BANK REGULATIONS AND PROCEDURES.**

Party A's initials:                    Page 7 of 9                    Party B's initials:

UNAUTHORIZED CONTACTS TO **PROVIDER'S** BANK ARE NOT ALLOWED

## RUWACK IRREVOCABLE TRUST WIRING INSTRUCTIONS:

Ruwack Irrevocable Trust
4615 Gate City Blvd#7224
Greensboro NC 27417
336 890 8001

Wiring instructions for Ruwack Trust- Brokerage Account – 19260090

---

Wire to
FRB ABA#  021000021  (Intermediary/Receiving  Bank) SWIFT CODE ( CHASUS33) must be given
incoming international wires only.

CHASE BANK, N.A.
270 Park Ave
New York, New York 10017

CREDIT TO (Beneficiary Bank/Account)

VANGUARD BROKERAGE INCOOMING WIRE ACCOUNT 486354066

---

IN FAVOR OF                          Brokerage Account - 19260090
(Beneficiary Customer Name and Account) "RUWACK IRREVOCABLE TRUST / 19260090"

**UNAUTHORIZED CONTACTS TO PROVIDER'S BANK ARE NOT ALLOWED**

**HERITAGE INTEGRITY INVESTMENT TRUST**
**295 Madison Ave, 12 Floor**
**New York, NY 10017**
**Tel: 917-634-6142**
**Email: admin@investmenttrustltd.com**

**PROVIDER'S CODE:** CUSIP78348DAA6 SERIES2016 ZERO COUPON-00007050-05252023-RIT- $100M@80
**BUYER''S CODE:** 2023HIITO1-100M@80

---

**RUWACK IRREVOCABLE TRUST**

| | |
|---|---|
| Office Address | :301 SOUTH ELM STREET SUITE 516, GREENSBORO N.C. 27401 |
| Mailing Address | :4615 GATE CITY BLVD #7224, GREENSBORO N.C. 27417 |
| Office Phone | :3368908001 ext 100 |
| Corporate Email | :trustee@ruwacktrust.com |
| Corporate Website | :www.ruwacktrust.com |

**AGREED, ACCEPTED AND SIGNED THIS: 25th Day of May, 2023**

**PRINT NAME:** ISAAC DOUGLAS CAIN
**TITLE:** PRESIDENT, CEO
**COMPANY:** RUWACK IRREVOCABLE TRUST
**PASSPORT** 562644616
**EXPIRATION DATE:** 09 JULY 2027
**COUNTRY:** U.S.A.

**UNAUTHORIZED CONTACTS TO PROVIDER'S BANK ARE NOT ALLOWED**

**HERITAGE INTEGRITY INVESTMENT TRUST**
295 Madison Ave, 12 Floor
New York, NY 10017
Tel: 917-634-6142
Email: admin@investmenttrustltd.com

**PROVIDER'S CODE:** CUSIP78348DAA6 SERIES2016 ZERO COUPON-00007050-05252023-RIT- $100M@80
**BUYER'S CODE:** 2023HIITO1-100M@80

**Declaration:** I, Isaac Briggs, Jr. (Passport No. 579637877 ) hereby swear under penalty of perjury, that the information provided is both true and accurate. I am the signatory on the aforementioned Bank account. All monies engaged in this transaction are derived from non-criminal origin; and, are good, clean and cleared. The origin of funds is in compliance with Anti-Money-Laundering Policies as set forth by the Financial Action task Force (FATF) 6/01.

Confirmed and signed on May 25, 2023 (Buyer) (AUTHENTIC SIGNATURE)

**PRINT NAME:** ISAAC BRIGGS, JR.
**TITLE:** DIRECTOR & MANAGING TRUSTEE
**COMPANY:** HERITAGE INTEGRITY INVESTMENT TRUST
**PASSPORT:** 579637877
**EXPIRATION DATE:** 23 OCT 2027
**COUNTRY:** U.S.A.

**UNAUTHORIZED CONTACTS TO PROVIDER'S BANK ARE NOT ALLOWED**

# EXHIBIT E





Computershare Trust Company, N.A.
PO Box 43006
Providence, RI 02940-3006
Within USA, US territories & Canada   1-866-595-6048
Outside USA, US territories & Canada   1-781-575-2798
www.computershare.com
Ruwack Irrevocable Trust is incorporated under the
laws of the State of NC.

011257

HERITAGE INTEGRITY INVESTMENT TRUST
295 MADISON AVE
12TH FLOOR
NEW YORK NY  10017

**Holder Account Number**

## C0000001023

---

## Ruwack Irrevocable Trust - Account Statement

### Summary of Account Holdings as of 26 May 2023

01YKI_AST_2

| Type of Holding | Restrictions on Holding | Opening Balance as of 01 Jan 2023 | Share/Unit Activity | Closing Balance as of 26 May 2023 | Closing Share Price (USD) on 10 May 2023 | Closing Value (USD) |
|---|---|---|---|---|---|---|
| TR SER 2016 ZERO COUPON NOTES | | 11,000,000.000000 | 90,000,000.000000 | 101,000,000.000000 | 0.95 | 95,950,000.00 |
| **TOTAL HOLDINGS** | | **11,000,000.000000** | **90,000,000.000000** | **101,000,000.000000** | | **95,950,000.00** |

### Valuation Information

Number of Days in a year 365.24Date of Issue 29-Feb-16Today 5/10/2023Full Term 10.00Yrs Elapsed in Treasury 7.19Years to Maturity 2.81F  1.00 Discount 20%Annual Effective Rate ( r ) 2.00%
P  0.94592 Term ( t ) 10.00Price as % of Face 95%A zero coupon note, sometimes referred to as a pure discount note or simply discount note, is a note that does not pay coupon payments and
instead pays one lump sum at maturity. The amount paid at maturity is called the face value. The term discount note is used to reference how it is sold originally at a discount from its face value
instead of standard pricing with periodic dividend payments as seen otherwise. As shown in the formula, the value, and/or original price, of the zero coupon note is discounted to present value. To
find the zero coupon note's value at its original price, the rate of change as the note approaches maturity is a function of the discount, the face face value at maturity and the full term. So the current
value is a function of the time left to maturity adjusted by the fixed annual  rate derived by the term and the discount at issuance.

### Transaction Summary

01YKI_TT

| Date | Type of Holding | Transaction Description | Shares/Units |
|---|---|---|---|
| 25 May 2023 | TR SER 2016 ZERO COUPON NOTES | Transfer | 90,000,000.000000 |

Number of Days in a year 365.24

**CONTINUED ON REVERSE SIDE**

2 7 2 U D R                    R U W A



026N8A

001CS0003.dss.mix2.052148_14145/011257/DI4905/i

## RULE 144 A 'dated'

THIS NOTE HAS NOT BEEN REGISTERED UNDER THE UNITED STATES SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), OR THE SECURITIES LAWS OF ANY STATE OR OTHER JURISDICTION.  NEITHER THIS NOTE NOR ANY INTEREST OR PARTICIPATION HEREIN MAY BE REOFFERED, SOLD, ASSIGNED, TRANSFERRED, PLEDGED, ENCUMBERED OR OTHERWISE DISPOSED OF IN THE ABSENCE OF AN OPINION FROM ISSUERS COUNSEL AND OF SUCH REGISTRATION OR UNLESS SUCH TRANSACTION IS EXEMPT FROM, OR NOT SUBJECT TO, SUCH REGISTRATION.  THE HOLDER OF THIS NOTE, BY ITS ACCEPTANCE HEREOF, AGREES ON ITS OWN BEHALF, AND ON BEHALF OF ANY INVESTOR ACCOUNT FOR WHICH IT HAS PURCHASED NOTES, TO OFFER, SELL OR OTHERWISE TRANSFER SUCH NOTE, PRIOR TO THE DATE (THE "RESALE RESTRICTION TERMINATION DATE") THAT IS [IN THE CASE OF RULE 144A NOTES: ONE YEAR] [IN THE CASE OF REGULATIONS NOTES:  40 DAYS] AFTER THE LATER OF THE ORIGINAL ISSUE DATE HEREOF AND THE LAST DATE ON WHICH THE ISSUER OR ANY AFFILIATE OF THE ISSUER WAS THE OWNER OF THIS NOTE (OR ANY PREDECESSOR OF SUCH NOTE), ONLY (A) TO THE ISSUER, (B) PURSUANT TO A REGISTRATION STATEMENT THAT HAS BEEN DECLARED OR BECOME EFFECTIVE UNDER THE SECURITIES ACT, (C) FOR SO LONG AS THE NOTES ARE ELIGIBLE FOR RESALE PURSUANT TO RULE 144A UNDER THE SECURITIES ACT, TO A PERSON IT REASONABLY BELIEVES IS A "QUALIFIED INSTITUTIONAL BUYER" AS DEFINED IN RULE 144A UNDER THE SECURITIES ACT THAT PURCHASES FOR ITS OWN ACCOUNT OR FOR THE ACCOUNT OF A QUALIFIED INSTITUTIONAL BUYER TO WHOM NOTICE IS GIVEN THAT THE TRANSFER IS BEING MADE IN RELIANCE ON RULE 144A, (D) PURSUANT TO OFFERS AND SALES THAT OCCUR OUTSIDE THE UNITED  STATES WITHIN THE MEANING OF REGULATIONS UNDER THE SECURITIES ACT, OR (E) PURSUANT TO ANOTHER AVAILABLE EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT, SUBJECT TO THE ISSUER'S AND THE TRUSTEE'S RIGHT PRIOR TO ANY SUCH OFFER, SALE OR TRANSFER PURSUANT TO CLAUSES (D) OR (E) TO REQUIRE THE DELIVERY OF AN OPINION OF COUNSEL, CERTIFICATION AND/ OR OTHER INFORMATION SATISFACTORY TO EACH OF THEM.  THIS LEGEND WILL BE REMOVED UPON THE REQUEST OF THE HOLDER AFTER THE RESALE RESTRICTION TERMINATION DATE. TRANSFERS OF THIS GLOBAL SECURITY SHALL BE LIMITED TO TRANSFERS IN WHOLE, BUT NOT IN PART, TO DTC, TO NOMINEES OF DTC OR TO A SUCCESSOR THEREOF OR SUCH SUCCESSOR'S NOMINEE, AND TRANSFERS OF PORTIONS OF THIS GLOBAL SECURITY SHALL BE LIMITED TO TRANSFERS MADE IN ACCORDANCE WITH THE RESTRICTIONS SET FORTH IN THE OFFERING CIRCULAR.

0392LA

# EXHIBIT F

12/28/24, 7:53 PM                              Mail - isaac ruwacktrust.com - Outlook

 Outlook

---

**Re: Broadridge Custodial Transfer**

---

**From** isaac ruwacktrust.com <isaac@ruwacktrust.com>

**Date** Thu 8/24/2023 12:04 PM

**To**    ADMIN <admin@investmenttrustltd.com>

**Cc**    trustee@hiitinvestments.com <trustee@hiitinvestments.com>; Derrick Hodge
        <dhodge@phoenixglobalinv.com>

Derrick,

Concerning the inquiry of the Ruwack Bonds, as per our last conversation; you were keeping
me informed concerning Interactive brokers taking in the certificate, then there was silence.
Remember I specifically said that I have to have proceeds from the bond sell to pay invoices
including any processing fees. You said that within 10 days of delivery there would be payment
made on the bonds, So I issued upon a promise that payment would be made. There was no
payment on the 100Million issued.

I clearly inform you and Isaac that we were going over to Broadridge in which Broadridge
cannot take the Ruwack bond without accepting the Stock for Exempt as a package deal, this
was revealed after we sent them the files from Computershare. Currently Ruwack Trust is
acting as its own registrar until October or sooner.  You should still have a physical copy of the
$1million Certificate that was purchased, for further discussions on the other transactions that
has not been fully closed because of lack of payment please let me know.

Thank you for your

Isaac - Dba Isaac Cain Board Chairman



MAILING ADDRESS
4615 Gate City Blvd #7224
Greensboro, NC 27417
336 890 8001 x 100
isaac@exemptinc.com

https://outlook.office.com/mail/id/AAMkAGRkMzc1YjExLTYzODAtNDVkMi04MzMxLTM5ODdjNjk3YWRmYwBGAAAAAAABKiDm%2BWQmTYVSl%2B...    1/3

www.ruwacktrust.com

Ruwack Trust does not sell securities to the public market. We are not broker dealers or advisors and do not offer to sell any securities to the public. Ruwack Trust is a private corporation and can only sell to Qualified Buyers utilizing various exemptions from the Securities and Exchange Commission.

The foregoing message (including all attachments) may contain CONFIDENTIAL and/or PRIVILEGED INFORMATION and is for the use of the intended recipient(s) only. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. It may contain CONFIDENTIAL and/or PRIVILEGED INFORMATION and may also be protected by other PRIVILEGE. If you are not the intended recipient of this message, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited and subject to CRIMINAL and/or CIVIL SANCTIONS. Please reply to the sender that you have received this message in error, then permanently delete it and destroy all of its contents immediately. www.ruwacktrust.com

---

**From:** ADMIN <admin@investmenttrustltd.com>
**Sent:** Wednesday, August 23, 2023 1:05 PM
**To:** isaac ruwacktrust.com <isaac@ruwacktrust.com>
**Cc:** trustee@hiitinvestments.com <trustee@hiitinvestments.com>; Derrick Hodge <dhodge@phoenixglobalinv.com>
**Subject:** Broadridge Custodial Transfer

Mr. Cain,

This email is in reference to the change from Computershare to Broadridge custodial change. We were informed by you and Computershare from May and June 2023 communications that there was going to be a change with the Custodial to Broadridge as of June 22, 2023.

Computershare informed us on June 30, 2023 that the shares we had on account had been moved over to Broadridge as of June 22, 2023. After being informed of this, we contacted Broadridge on June 30th and then on July 5, 2023 to see what needed to be done on our end because the Custodial and shares had been transferred to them..

After contacting Broadridge, we were told that there was nothing in their system on the shares or with Ruwack.

On July 5th, we then contacted Computershare again, and they again said the shares were indeed transferred and Custodial transfer agent had been changed. As a result, we were instructed that an administrative delay may have been the reason.  It was indicated that an introduction letter is protocol to be sent from client services.

On August 15, 2023, Broadridge was reconnected as no correspondence from Computershare,  Ruwack Irrevocable Trust nor Broadridge was received by Heritage. The communications to Broadridge indicated that neither Ruwack nor Heritage shares were in custody or confirmed transfered. Hence, Heritage contacted Computershare and a share transfer tracer was actioned per Computershare Private

Shareholder representative, Jaime Baker.

So I was advised to contact Ruwack as the Issuer to see exactly where the shares we had on account are.

Please advise on the status of the shares ASAP. Thank you in advance for your prompt response..

Derrick Hodge

Sent from my iPhone

## RUWACK IRREVOCABLE TRUST

4615 GATE CITY BLVD #7224
GREENSBORO, North Carolina 27417 United States

Phone: 336-890-8001
isaac@ruwacktrust.com
www.ruwacktrust.com

## SHAREHOLDER LIST

Cutoff Date: 3/7/2024
Run On: 3/7/2024

Includes Good Addresses & Bad Addresses
Includes All Securities
Outstanding Stocks Only
Includes Non-Restricted & Restricted Stocks
Order Sort Name by Ascending



512 SE Salmon Street
Portland, OR 97214-3444
2nd Floor

Phone: 503-227-2950
Fax: 503-227-6874
info@transferonline.com
www.transferonline.com



| | Security | Certificate ID | Certificate # | Shares | Issued | Canceled | Expiration | Restricted | Affiliate/Control | Stop | Total Restr. | Total Non-Restr. | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | HERITAGE INTEGRITY INVESTMENT TRUST   Account #: 001-219-856 | | | | | | | | | | | | |
| | 295 MADISON AVE 12TH FLOOR NEW YORK, NY 10017 United States | | | | | | | | | | | | |
| | Note A | 001-419-294 | 45RIT | 1,000,000 | 03-30-2021 | | | | | | 0 | 1,000,000 | 1,000,000 |

■ 2 —

| Transfer Online, Inc | RUWACK IRREVOCABLE TRUST | Shareholder List | Cutoff Date Thu, March 07, 2024 | Run On Thu, March 07, 2024 |
|---|---|---|---|---|



| Security | Certificate ID | Certificate # | Shares | Issued | Canceled | Expiration | Restricted | Affiliate/Control | Stop | Total Restr. | Total Non-Restr. | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

CONTINUED...

## RUWACK IRREVOCABLE TRUST

4615 GATE CITY BLVD #7224
GREENSBORO, North Carolina 27417
United States

Phone: 336-890-8001
isaac@ruwacktrust.com
www.ruwacktrust.com

## Shareholder List

Cutoff Date: 3/7/2024
Run On: 3/7/2024

Includes Good Addresses & Bad Addresses
Includes All Securities
Outstanding Stocks Only
Includes Non-Restricted & Restricted Stocks
Order Sort Name by Ascending

| Security | # of Shareholders | Issued/Reserved | Outstanding | Non-Restricted | Restricted | Authorized |
|---|---|---|---|---|---|---|
| Note A | 10 | 12,200,000,000 | 11,620,100,000 | 121,600,000 | 11,498,500,000 | 10,000,000,000 |



**TRANSFER** online
A Stock Transfer Agent

512 SE Salmon Street
Portland, OR 97214-3444
2nd Floor

Phone: 503-227-2950
Fax: 503-227-6874
info@transferonline.com
www.transferonline.com

Certified By: _____  Date: __03/07/2024__

— 4 —

FROM:

RUWACK TRUST
4615 Gate City Blvd #7224
Greensboro NC 27407

TO:

United State Courthouse
Pro Se Intake Unit
500 Pearl Street Rm 205
New York NY 10007



PRIORITY ★ MAIL ★

TRACKED ★★★ INSURED ★

UNITED STATES POSTAL SERVICE®

For Domestic and International Use    Label 107R, May 2014

USMB SDNY

RECEIVED
JAN 17 2025
PRO SE OFFICE



UNITED STATES POSTAL SERVICE®    **Retail**

**P**    US POSTAGE PAID
**$10.20**    Origin: 27408
01/10/25
3631710411-12

**PRIORITY MAIL®**

0 Lb 7.50 Oz
RDC 03

EXPECTED DELIVERY DAY: 01/13/25

C099

SHIP TO:
500 PEARL ST
NEW YORK NY 10007-1316

USPS TRACKING® #



9505 5134 3096 5010 9620 98

Utility Mailer
10 1/2" x 16"

ReadyPost®