USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| HERITAGE INTEGRITY INVESTMENT TRUST, |
|               Plaintiff, |
|     -against- |
| COMPUTERSHARE TRUST COMPANY, N.A. *et al.*, |
|               Defendant. |

24-CV-9309 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

This action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, and for dispositive motions. (Dkt. 41.) All pretrial motions and applications – including those related to defendant Computershare Trust Company's motion to dismiss the claims against it (*see* Dkt. 32); defendant Isaac Cain's contemplated motion to dismiss the claims against him (*see* Dkt. 37); plaintiff's contemplated motion for default against Ruwack Irrevocable Trust (Ruwack) (*see* Dkt. 40); and plaintiff's contemplated motions to dismiss Mr. Cain's counterclaims and thereafter to voluntarily dismiss its claims against Mr. Cain (*see id.*) – must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

The Court notes that it did not "reject" Mr. Cain's letter, dated February 5, and filed on February 13, 2025 (Dkt. 37), in which he clarified that the answer he filed on January 17, 2025 (Dkt. 21) was submitted on his own behalf, not on behalf of Ruwack.[1] The Court accepts the pleading at Dkt. 21 solely as Mr. Cain's answer, and notes for the record that Ruwack has not, to

---

[1] My February 13, 2025 Order (Dkt. 38) quoted a communication sent to chambers only by email, and rejected for that reason.

date, responded to plaintiff's complaint or otherwise appeared in this action through an attorney admitted to practice in this jurisdiction, as required.

In the interest of efficiency, the Court sets the following coordinated filing and briefing schedule for the pending and contemplated motions:

All motions to dismiss the claims set forth in the complaint or in Mr. Cain's answer, made pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c), must be filed no later than **February 28, 2025**. Opposition papers (including papers in opposition to Computershare Trust Company's pending motion) must be filed no later than **March 21, 2025.** Reply papers must be filed no later than **April 4, 2025**. Plaintiff's motion for a default judgment against Ruwack must also be filed no later than **February 28, 2025** (assuming that a Certificate of Default has first been issued). Opposition and reply briefs will be due on **March 21, 2025** and **April 4, 2025**, respectively. If the parties wish to vary this schedule, they must promptly meet and confer in a good faith effort to stipulate to an alternative schedule. The Court understands that plaintiff does not intend to move to dismiss its claims against Mr. Cain until the motions discussed above have been resolved.

The initial case management conference now scheduled for April 1, 2025 is hereby *adjourned sine die*.

Dated: New York, New York
        February 14, 2025

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**