```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERITAGE INTEGRITY INVESTMENT TRUST,

          Plaintiff,

  -against-

COMPUTERSHARE TRUST COMPANY, N.A. *et al.*,

          Defendant.

24-CV-9309 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed plaintiff's motion for default judgment against defendant Ruwack Irrevocable Trust (Ruwack), in which plaintiff also moves to dismiss the counterclaims asserted by pro se defendant Isaac Cain, and the supporting affirmation of attorney Elaine Platt. (Dkts. 46, 47.) The motions are administratively DENIED without prejudice to refiling, no later than **March 10, 2025**, in accordance with the following directions:

1. Because this action has been referred to Magistrate Judge Moses for report and recommendation on dispositive motions (*see* Dkt. 41), all pretrial motions and applications must be made to Judge Moses and in compliance with Judge Moses's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

2. A motion for the entry of a default judgment must be filed in accordance with Fed. R. Civ. P. 55(b)(2) and Local Civil Rule 55.2. Plaintiff is reminded that, pursuant to Local Civil Rule 55.2, the moving party must file an affidavit or declaration showing that:

    (A)    the clerk has entered default under Local Civil Rule 55.1;

(B) the party seeking default judgment has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521; and

(C) the party against whom judgment is sought is not known to be a minor or an incompetent person, or, if seeking default judgment by the court, the minor or incompetent person is represented by a general guardian, conservator, or other fiduciary who has appeared.

Local Civ. R. 55.2(a)(1). In addition, if the moving party is proceeding by motion, it must file "the papers required by Local Civil Rule 7.1, including a memorandum of law, a proposed order detailing the proposed judgment to be entered," and "a certificate of service stating that all documents in support of the request for default judgment, including the 'Clerk's Certificate of Default' and any papers required by this rule, have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought." Local Civ. R. 55.2(a)(2)-(3). "If the mailing is returned, a supplemental certificate of service must be filed setting forth that fact, together with the reason provided for return, if any." Local Civ. R. 55.2(a)(3).

3. Plaintiff is further cautioned that, before the Court can enter a default judgment, it must be satisfied that it has the necessary subject-matter and personal jurisdiction to do so, and that the well-pleaded factual allegations set forth in the complaint (which are taken as true after default) "establish liability as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015); *see also Sheldon v. Plot Com.*, 2016 WL 5107072, at *5 (E.D.N.Y. Aug. 26, 2016) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each

cause of action asserted."). In other words, the claim or claims against the defaulted defendant must be based upon factual allegations sufficient to withstand a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's memorandum of law should address these issues.

4. Because of the significant difference in applicable procedures and standards, plaintiff's motion for entry of a default judgment against Ruwack must be made separately from its motion to dismiss individual defendant Isaac Cain's counterclaims, which appears to be made pursuant to Rule 12(b)(6). The motion to dismiss must be made in compliance with Local Civil Rules 7.1 and 7.2 (and must identify the rule under which it is made). In addition, if plaintiff intends to refer to matters outside the pleadings in its motion to dismiss, it must comply with Local Civil Rule 12.1.

5. In the Southern District of New York, there is no need for the moving party to select a return date. The briefing schedule is set forth in Local Civil Rule 6.1. Although a party may request oral argument, the Court will determine whether and when to hear argument. *See* Cronan Ind. Prac. § 6(C); Moses Ind. Prac. § 2(i).

The Clerk of Court is respectfully directed to close the motion at Dkt. 46.

Dated: New York, New York
March 3, 2025

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3