USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERITAGE INTEGRITY INVESTMENT TRUST,

               Plaintiff,

   -against-

COMPUTERSHARE TRUST COMPANY, N.A. *et al.*,

               Defendant.

24-CV-9309 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff's opposition, if any, to the motion of defendant Computershare Trust Company (Computershare) to dismiss all claims against it (Dkt. 32) was due no later than March 31, 2025. (*See* Dkt. 53.) No opposition was filed on (or before) March 31, 2025.

Since then, the Court has received and reviewed: (i) plaintiff's Cross-Motion to Amend the Operative Complaint and in Opposition to Computershare's Motion to Dismiss, with a supporting memorandum and affirmation, all dated April 1, 2025 (Dkts. 61-63) (collectively, the Cross-Motion to Amend); (ii) plaintiff's Motion to Amend Plaintiff's Second Amended Complaint as to Ruwack Irrevocable Trust, with a supporting memorandum and affirmation, dated April 1, 2025 (Dkt. 64-65, 67) (collectively, the Motion to Amend); (iii) defendant Computershare's letter dated April 1, 2025 (Dkt. 68), pointing out that neither the Cross-Motion to Amend nor the Motion to Amend "oppose[s] Computershare's motion to dismiss"; (iv) plaintiff's letter dated April 1, 2025 (Dkt. 69), apologizing for missing the March 31, 2025 filing deadline but insisting that the affirmation in support of the Cross-Motion to Amend "was clearly stated to also be in Opposition to the main motion"; (v) Computershare's letter dated April 3, 2025 (Dkt. 70), arguing that this Court should grant its motion to dismiss all claims against it, and should not permit plaintiff to move to further amend its complaint, because plaintiff did not disclose any anticipated motion to

amend in its pre-motion letter to the district judge (Dkt. 20); and (vi) plaintiff's letter dated April 4, 2025 (Dkt. 71), complaining about Computershare's "inappropriate method of litigating" by letter and going on to argue that it could not have anticipated the need to further amend its complaint until March of 2025, when new facts came to plaintiff's attention, and to repeat its contention that its Cross-Motion to Amend was also an opposition to Computershare's motion to dismiss.

**The Court does not require, and will not entertain, any further letters from the parties regarding the pending motions**.

The Court has reviewed plaintiff's Cross-Motion to Amend (including the supporting memorandum and affirmation) and has not discovered, within those pages, any substantive opposition to Computershare's motion to dismiss. Nowhere does plaintiff defend the adequacy of the operative complaint, which is the Second Amended Complaint (Dkt. 2-3), as pleaded. Consequently, the Court deems Computershare's Motion to Dismiss unopposed.[1] Accordingly, the Court does not require, and will not entertain, any reply brief in further support of Computershare's motion to dismiss.

Neither, however, will the Court prohibit plaintiff from moving to amend the Second Amended Complaint (either on timeliness grounds or based on the parties' pre-motion correspondence before the district judge). Such a prohibition would be inappropriate where, as here, both the Cross-Motion to Amend and the Motion to Amend appear to be based on more recent events.

---

[1] The Court reaches this conclusion based on the content of the Cross-Motion to Amend, not the date on which it was filed. In the future, however, plaintiff must seek leave *in advance* if it finds itself unable to meet a Court-scheduled deadline. *See* Moses Ind. Prac. § 2(a).

Plaintiff is directed to submit a clean copy of her proposed Third Amended Complaint, incorporating all amendments (but without argument), no later than **April 7, 2025**.

Any opposition to plaintiff's motions to amend must be filed no later than **April 28, 2025**.

Any reply in support of plaintiff's motions must be filed no later than **May 5, 2025**.

Dated: New York, New York
April 4, 2025

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**