UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/5/2025___

HERITAGE INTEGRITY INVESTMENT
TRUST,

        Plaintiff,

  -against-

COMPUTERSHARE TRUST COMPANY,
N.A. *et al.*,

        Defendant.

24-CV-9309 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On April 14, 2025, defendant Computershare Trust Company, N.A. (Computershare) filed cross-claims against defendants Ruwack Irrevocable Trust (Ruwack) and Isaac Cain, seeking contribution and indemnity. *See* Cross-Claims (Dkt. 82) ¶ 12 ("Although Computershare denies all of Plaintiff's allegations and claims, and also denies any liability to Plaintiff, in the event that Computershare is found liable to Plaintiff, Computershare demands contribution and indemnification from Ruwack and Cain.")

On April 28, 2025, plaintiff Heritage Integrity Trust Investment Trust (Heritage) filed a memorandum of law characterizing Computershare's Cross-Claims as a "motion to assert a cross-claim" against Ruwack and Cain. *See* Heritage Mem. (Dkt. 87) at 1. Heritage urges the Court to deny Computershare's motion because (i) by April 15, 2025, neither Ruwack nor Cain was "a defendant[] in this action"; (ii) Computershare's cross-claims are not "ripe," since Computershare has not been found liable to Heritage; (iii)  the cross-claims do not arise from the same "transaction or occurrence" that is the subject of the original action; and (iv) the cross-claims would "unnecessarily complicate and delay resolution of Plaintiff's claims." *Id*. at 2-4.

Under the Federal Rules of Civil Procedure, "[t]here is no set timeframe for filing a cross-claim pursuant to Rule 13(g)." *Luyster v. Textron, Inc.*, 266 F.R.D. 54, 64 (S.D.N.Y. 2010); *accord*

*Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, 2019 WL 1447260, at *5 (S.D.N.Y. Mar. 8, 2019); 6 Wright & Miller, Federal Practice & Procedure § 1431 (3d ed.). Nor do the Local Rules of this Court, or any applicable pretrial scheduling order, set such a limit or require a party to seek leave of Court before cross-claiming. Moreover, because Computershare has not yet filed an answer, it need not amend an existing pleading in order to assert its cross-claims, making Rule 15(a) inapplicable. Consequently, the Court accepts Computershare's filing as a pleading, not a motion, and construes Heritage's filing as a motion to dismiss that pleading.

For housekeeping purposes, Heritage is directed to file a document clearly identified as a motion to dismiss the Cross-Claims. It need not refile its memorandum. Computershare's opposition to plaintiff's motion is due, pursuant to Local Civ. R. 6.1(b), no later than **May 12, 2025**. Plaintiff's optional reply is due no later than **May 19, 2025**.

Dated: New York, New York
        May 5, 2025

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**